**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| VIRGINIA CALLAHAN and T. G.,<br><br>Plaintiff,<br><br>v.<br><br>TOYS "R" US-DELAWARE, INC., and PACIFIC CYCLE, INC.,<br><br>Defendants. | Case No. 1:15-cv-02815 |

**DEFENDANTS' MOTION TO STRIKE**
**DR. PRICE'S UNTIMELY NEW EXPERT OPINIONS.**

Defendants Pacific Cycle, Inc. and Toys "R" Us-Delaware, Inc. (hereinafter "Defendants") submit their Motion To Strike Dr. Price's Untimely New Expert Opinions. In support of their motion, Defendants state as follows:

## INTRODUCTION

"The disruption caused by the proliferation of untimely expert testimony is real and attorneys must know such will not be permitted." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 312 (M.D.N.C., 2002). Despite this warning, Plaintiffs disclosed new opinions from their dental expert three months late that drastically multiply the claimed damages at issue. Plaintiffs cannot justify this untimely disclosure. Furthermore, because the deadlines for expert discovery have long since passed, the untimely disclosure is not harmless. This Court should therefore exclude Plaintiffs' expert's new opinions.

## FACTUAL BACKGROUND

Plaintiffs' case involves dental injuries T.G. suffered when she fell from a bicycle distributed and sold by Defendants. This Court's Scheduling Order required Plaintiffs to disclose the identity and opinions of their expert witnesses by November 27, 2015. (Doc. 16, 2.) Defendants' expert disclosures were due December 28, 2015. *Id.* Plaintiffs were required to disclose rebuttal experts or opinions by January 11, 2016. *Id.* The deadline for both parties to supplement expert disclosures was January 19, 2016. *Id.* This Court warned the parties that these deadlines would not be modified except for "good cause." *Id.* at 1.

Plaintiffs served their expert disclosures almost two weeks late on December 9, 2015. Plaintiffs disclosed Dr. Jeffrey B. Price, one of T.G.'s dentists, as a witness who would provide expert testimony. (Pls. Expert Disc., 3-4, Ex. A.) His disclosure did not suggest he would offer any opinions about T.G.'s need for or the cost of any future dental care:

> [I]t is expected that Dr. Price will testify that the Plaintiffs Radiology report clearly showed that the Plaintiffs number 6 and number 8 implants were noted with bone overlying tooth number 6's platform, that the spheno-occipital synchondrosis was open, indicating that the Plaintiff appeared to be skeletally immature, the number 1 tooth and number 16 tooth were developing and that the mildly enlarged adenoids appeared to be normal for a patient of her age.

(*Id.* at 3-4.)

Over three months after Plaintiffs' disclosures were due, and two months after Defendants' retained their experts and made disclosures, Plaintiffs sent Defendants

additional opinions from Dr. Price. (March 7, 2016 Email, Ex. B.) Dr. Price now opines that T.G. will need future dental care, and that that care will cost $88,000. Prior to this disclosure, Plaintiffs' estimate of future dental costs was around the cost of her previous treatment, just over $11,000. (Pls.' Ans. Interrog., No. 7, Ex. C.)

**ARGUMENT**

Federal Rule of Civil Procedure 26 requires a party to make certain disclosures for expert witnesses so that the opposing party has "a reasonable opportunity to prepare an effective cross examination and perhaps arrange for expert testimony from other witnesses." *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721, 725 (E.D. Va. 2001). Treating physicians are required to make Rule 26(a)(2) disclosures to avoid prejudice or unfair surprise. *Daniels v. D.C.*, 15 F. Supp. 3d 62, 71 (D.D.C. 2014). Although they generally do not have to submit a written report, Rule 26(a)(2)(C) requires counsel to provide a "summary of the facts and opinions" that treating medical providers will offer at trial. *Id.*

Federal Rule of Civil Procedure 16 also empowers courts to enter a scheduling order that mandates the dates on which Rule 26 disclosures are to be made. "A scheduling order under Rule 16(b) is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995). A scheduling order may not be modified except for "good cause." Fed.R.Civ.P. 16(b).

Federal Rule of Civil Procedure 37 provides the teeth behind Rule 26's disclosure requirement and a Rule 16 scheduling order. *Goodman v. Staples The Office Superstore,*

*LLC,* 644 F.3d 817, 827 (9th Cir. 2011). Rule 37(c)(1) empowers a court to exclude untimely disclosed expert testimony unless the failure to disclose was "substantially justified or harmless." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). Similarly, Rule 37(2)(A)(ii) permits a court to exclude expert testimony disclosed in violation of a scheduling order unless "good cause" is shown. Because an untimely expert disclosure "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case," a district court has "particularly wide latitude" to order sanctions. *Saudi v. Northrop Grumman Corp.,* 427 F.3d 271, 279 (4th Cir. 2005).

To determine whether to impose sanctions for untimely expert disclosures in violation of either Rule 26 or Rule 16, courts engage in the same analysis. *Luma Corp. v. Stryker Corp*., 226 F.R.D. 536, 544 (S.D.W. Va. 2005). Courts consider five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Southern States Rack and Fixture, Inc. v. SherwinWilliams Co*., 318 F.3d 592, 597 (4th Cir. 2003). All of these factors weigh in favor of excluding Dr. Price's untimely new opinions.

First, Plaintiffs cannot explain the untimely disclosure of Dr. Price's new opinions. Whether T.G. would require future dental treatment and how much that treatment would cost has been an issue in the case since the day Plaintiffs filed their complaint. (Plaintiffs' Compl., ¶27, Ex. D.) Indeed, damages are an element that

Plaintiffs must prove at trial to prevail. *Association of Maryland Pilots v. Baltimore & O. R. Co.*, 304 F. Supp. 548, 557 (D.C. Md. 1969). Thus, there is no reason for Plaintiffs' failure to disclose any expert testimony on this issue until over three months after their disclosures were due.

Second, Dr. Price's new opinions were extremely surprising to Defendants. Until Plaintiffs disclosed his opinions that T.G. would need $88,000 worth of future dental treatment, Plaintiffs estimated her future dental expenses to be around $11,000. (Ex. C, No. 7.) Dr. Price's untimely new opinions increase the damages Plaintiffs claim nearly 8-fold, and that is before any corresponding multiplier that might be applied for associated non-economic loss.

Third, because Plaintiffs did not disclose these opinions until after the deadline for expert disclosures, Defendants cannot cure this surprise. Under this Court's Scheduling Order, Defendants can no longer develop dental expert testimony to refute Dr. Price's new opinions. (Doc. 16, 2.) The deadline for Defendants to disclose expert witnesses was December 28, 2015. *Id.*

Fourth, permitting Dr. Price's new opinions would disrupt the deadlines in this case. If Dr. Price is allowed to offer these untimely new opinions, Defendants would need to depose Dr. Price and designate their own dental expert. Plaintiffs would then undoubtedly want to depose Defendants' expert on his or her opinions. All of this would require additional time. In the meantime, although no trial date is set, other deadlines in the case, like the deadline for dispositive motions, *Daubert* motions, and the discovery deadline would all have to be reset, and considerable additional expense

would now have to be unfairly incurred. It is precisely because additional, untimely expert opinions "would wreak havoc on docket control and amount to unlimited expert opinion preparation" that courts refuse to permit them. *Gallagher v. Southern Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) (internal citations omitted).

Finally, if Dr. Price's opinions are important to Plaintiffs' claims, this weighs in favor of excluding them. "The fact that an expert's testimony may have been helpful to [Plaintiffs] . . . points out why it should have been disclosed in a timely manner." *Whiting v. Butch,* 2016 WL 233690, at *3 (S.D.W.Va. 2016)." Conversely, if Dr. Price's opinions are not important to Plaintiffs' claims, this Court should not disrupt the scheduling of this case to permit them.

**CONCLUSION**

All five factors weigh in favor of excluding Dr. Price's untimely new opinions. Plaintiffs cannot explain their failure to timely disclose Dr. Price's new expert opinions. Defendants were surprised by Dr. Price's extremely high estimate of the cost of T.G.'s future care, and can no longer offer testimony to refute it. This Court would have to reopen expert discovery to permit Defendants to designate and develop additional expert testimony. The case would have to be put on hold to permit Defendants to do so.

Accordingly, Defendants request that this Court exclude Dr. Price's new opinions. In the alternative, if the Court decides not to enforce its scheduling order, Defendants request leave to depose Dr. Price on these opinions, designate an additional

dental expert and conduct any additional discovery they deem necessary and that Plaintiffs bear the cost of this additional discovery.

Dated: April 8, 2016

By: /s/ Jeffrey D. Skinner
Jeffrey D. Skinner (Bar No. 17125)
Rachel A. Remke (pro hac vice)
SCHIFF HARDIN LLP
901 K Street NW, Suite 700
Washington, DC 20001
Telephone: 202.778.6400
Facsimile: 202.778.6460
Email: jskinner@schiffhardin.com
Rremke@schiffhardin.com

*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

VIRGINIA CALLAHAN and T. G.,

Plaintiff,

v.

TOYS "R" US-DELAWARE, INC., and PACIFIC CYCLE, INC.,

Defendants.

Case No. 1:15-cv-02815

**DEFENDANTS' RULE 104(7) CERTIFICATION**

I hereby certify that on March 31, 2016, at approximately 2:30 p.m. CST, Rachel Remke, attorney for Defendants, had a telephone discovery conference with Francis Collins and Jacqueline Togno, attorneys for Plaintiffs, about the timeliness of Dr. Price's expert disclosures. Plaintiffs' attorneys refused to withdraw Mr. Price's new opinions disclosed on March 7, 2016. Defendants request the Court resolve the issue of whether he be allowed to offer his new and untimely opinions.

/s/ Rachel A. Remke
Rachel A. Remke

CH2\18141138.4