# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| VIRGINIA CALLAHAN and T. G., <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US-DELAWARE, INC., and PACIFIC CYCLE, INC., <br><br> Defendants. | Case No. 1:15-cv-02815 |

**PLAINTIFFS' ANSWERS TO DEFENDANT PACIFIC CYCLE, INC.'S
FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTIONS AND EXPLANATIONS**

A.   Plaintiffs object to any interrogatories to the extent that they call on Plaintiffs to provide information not within its possession, custody or control.

B.   The word usage and sentence structure is that of the attorney assisting in the preparation of these responses, and does not, therefore, purport to be the precise language of the individual executing these responses.

C.   Plaintiffs object to any interrogatory which requests non-discoverable information by requesting information which is overly broad, unduly burdensome and/or is not relevant to the subject matter neither involved in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' answers are limited to discoverable information.

D. The foregoing general objections apply to each of the Defendants' Interrogatories regardless of whether a general objection or specific objection is stated in the response. Where an interrogatory is subject to any specifically stated objection, no further response shall be considered to be a waiver of the general objection.

Without waiving these general objections, Respondents submit the following responses:

## INTERROGATORIES

1. Describe with specificity the Bicycle involved in the Accident, including the manufacturer's name, brand name, model number, and date of manufacture, and identify from whom you acquired the bicycle, state when and how you acquired the bicycle, and specify the means of payment used (e.g., cash or credit card).

**ANSWER TO INTERROGATORY NO. 1:** **The bicycle involved in the Accident is a Pacific Cycle; Model Number: S2713TR; the bicycle was acquired from the Toys "R" Us located in Columbia, Maryland on September 24, 2011. The bicycle was assembled by the staff at Toys "R" Us under their "Ready to Ride" program and it was paid for with an American Express credit card. The bicycle has been made available for inspection.**

2. Explain the usage of the Bicycle from the time it was purchased until the time of the Accident, including but not limited to all known users of the Bicycle, any maintenance of the Bicycle, and any repairs to or changes to the condition of the Bicycle.

**ANSWER TO INTERROGATORY NO. 2:** **After the bike was purchased, T.G. did not initially ride the bike. It was left in the garage for several months. On one occasion, date unknown, T.G. briefly road the bike around the cul-de-sac. T.G. did not notice anything unusual about the bike at that time.**

**The second time that T.G. road the bike, she was heading on a bike path behind her house that lead to a nearby park. T.G. was travelling on a turn, and realized she needed to slow down. The path has a downhill slope. T.G. applied the rear brakes with the hand brake lever and was unable to squeeze the brake pads. T.G. was then required to apply the front brakes suddenly, and without the assistance of the back brake, and this caused the front wheel to seize. T.G. immediately flipped up and landed with her mouth on the handlebars/gooseneck.**

3. Describe all changes to the condition of the Bicycle since the Accident, including those changes as a result of the Accident, and identify each custodian of the Bicycle following the Accident and state the dates each custodian had possession of the Bicycle.

**ANSWER TO INTERROGATORY NO. 3:** **Plaintiffs have not made any changes to the bicycle since the accident and at all times, have been the custodians of the bicycle.**

4. For each defect in the bicycle which you allege contributed to the injuries sustained by T.G. in the Accident, provide the material facts that support your contention. This includes, but is not limited to, categorizing each type of defect (design, manufacture, etc.), providing your contention as to how the bicycle should have been designed/manufactured in a safer, more appropriate manner, and identifying all persons and documents from whom or which you or your counsel obtained information relating to each alleged defect in the bicycle.

**ANSWER TO INTERROGATORY NO. 4:** **T.G.'s injuries occurred because of a defect in the rear brake. The brake and cable were not properly assembled and, as a result, the back brake does not function. If the bicycle had not had the defect from improper assembly, T.G. would not have been injured.**

5. For each warranty you allege that Pacific Cycle breached, identify each such warranty (including quoting or citing its specific language or operative terms) and set forth the material facts (not legal conclusions) that support your claim that Pacific Cycle's breach of that warranty contributed to the injuries sustained by T.G. in the accident.

**ANSWER TO INTERROGATORY NO. 5:** **The contract for the sale of the bicycle included an implied warranty of merchantability and an implied warranty of fitness for a particular purpose. The particular purpose was that it would be reasonably safe for use by a young girl. Toys "R" Us provides, as a representative of the manufacturer, a representation that the bike would be "ready to ride." The warranties were breached by Defendants because the bicycle did not conform to the warranty when the rear brake was not properly assembled and therefore failed at the time the bike was used.**

6. Set forth the material facts (not legal conclusions) that support your claim that Pacific Cycle was negligent, failed to use ordinary care, or was otherwise at fault in any way that contributed to the injuries sustained by T.G. in the accident.

**ANSWER TO INTERROGATORY NO. 6:** **The bike was supposed to be sold "ready to ride." The assembler(s) at Toys "R" Us failed to properly install the brakes and test them before delivering the bike to Plaintiffs.**

7. Describe each date, facility, or doctor, and reason sought for any medical or psychological evaluation or treatment of T.G. for the two years prior to the accident and at all times after the accident.

**ANSWER TO INTERROGATORY NO. 7:** **On the date of the accident, T.G. was rushed to the Children's outpatient urgent care, Kinder Mender in Columbia, Maryland. She was then transported to the Pediatrics ER at the University of Maryland Hospital on Green St., in Baltimore, Maryland and followed up for surgery and implants at the University of Maryland School of Dentistry. T.G. has been treated by the University of Maryland's School of Dentistry since August 17, 2012. There, they found that she had avulsed her number 6 and 7 teeth, and she fractured the crown and the root of number 8. She was prescribed pain medication, and has since undergone extensive dental treatment. Since that time, T.G.'s dental bills have reached over $11,395 for various procedures ranging from remnant extraction to bone implants. She has spent untold hours in the dental chair, and recovering from dental treatments. She has been told that much of the work already done is only temporary because of her age. Therefore, T.G. anticipates extensive additional dental treatment, at least equaling the payments made to date.**

8.  If you have entered into, or are aware of, any settlement agreement, release, covenant not to sue, covenant not to enforce or execute judgment, indemnification agreement, hold harmless agreement, or any other type of agreement or covenant, with any other person or entity (including any insurance company) concerning the accident, identify all parties to such agreement or covenant, and state the date and terms of the agreement.

**ANSWER TO INTERROGATORY NO. 8:** **None known.**

9.  Have you ever been a party to any other lawsuit, bankruptcy proceeding, criminal proceeding, or submitted a claim for disability or workers compensation? If so, identify each such suit or proceeding (name and location of court, names of all parties, docket number, and date filed) and provide a brief description of the nature of the suit or claim and its disposition.

**ANSWER TO INTERROGATORY NO. 9:** **T.G. has never been a party to a lawsuit. Lawsuits involving Virginia Callahan, her mother, are irrelevant to this case.**

10. Identify all witnesses or potential witnesses of whom you are aware who may have knowledge concerning your allegations in your pleadings, and state the subject matter of their knowledge, including but not limited to those concerning the accident, the injuries sustained by you or T.G., damages, and any defects in the design of the bicycle.

**ANSWER TO INTERROGATORY NO. 10:** Sidney Williamson was a witness of the accident. The following doctors at the University of Maryland treated T.G. for her injuries sustained as a result of her bicycle accident: Dr. Joshua Christman; Dr. Thomas Lin; Dr. Marvin H. Leventer; Jeffrey B. Price, DDS, MS; and Dr. David George. TG's dental treatment is not complete. It is expected that her implants and other dental work will have to be repeated in the future when she has reached full maturity.

I solemnly affirm under penalties of perjury that the contents of the foregoing pages are true to the best of my knowledge, information and belief.

*/s/ V. Callahan*

Virginia Callahan

As to objections:

*/s/*

Francis J. Collins, Esq.
Kahn, Smith & Collins, P.A.
201 North Charles Street, 10th Floor
Baltimore, Maryland 21201
Phone: (410) 244-1010
Fax: (410) 244-8001
fjcollins@kahnsmith.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 7th day of December, 2015, a copy of the foregoing Answers to Interrogatories were mailed to:

Jeffrey D. Skinner, Esq.
SCHIFF HARDIN LLP
901 K Street NW, Suite 700
Washington, DC  20001
*Attorney for Defendants*

_____
Francis J. Collins, Esq.