# EXHIBIT D

VIRGINIA CALLAHAN
6232 Broken Wing Court
Columbia, MD 21045

and

    T.G.

6232 Broken Wing Court
Columbia, MD 21045

      Plaintiffs,

v.

TOYS "R" US-DELAWARE, INC.
1 Geoffrey Way
Wayne, NJ 07470

and

PACIFIC CYCLE INC.
920 North King Street, Floor 2
Wilmington, DE 19801

     Defendants.

IN THE CIRCUIT COURT

FOR HOWARD COUNTY,

MARYLAND

Case No.: 13C15104600

FILED 2015 AUG 11 AM 10: 30 CIRCUIT COURT HOWARD COUNTY

-o0o-

**COMPLAINT**
(with Jury Trial Request)

Plaintiffs, Virginia Callahan and   T.G.   (hereinafter "Plaintiffs"), by their attorneys

Francis J. Collins and Kahn, Smith & Collins, P.A., sue Defendants, Toys R Us, Inc. and Pacific

Cycle Inc. (hereinafter "Defendants"), and state:

## PARTIES

1. Plaintiff Tori A. Goodwyn is a resident of Howard County.

2. Plaintiff Callahan is the mother of Plaintiff   T.G.   and a resident of Howard County.

3. Defendant Toys R Us, Inc. ("Toys R Us") is a corporation engaged in the sale and

assembly of bicycles in Howard County, Maryland.

1

4. Defendant Pacific Cycle Inc. ("Pacific Cycle") is a Delaware corporation engaged in the sale of bicycles in Howard County, Maryland.

## THE UNDERLYING FACTS

5. Pacific Cycle and Toys R Us formed an agreement wherein Pacific Cycle would design and manufacture bicycles and Toys R Us would sell the bicycles at its retail stores located throughout U.S.A. and, specifically, the State of Maryland.

6. The bicycles were sold to Toys R Us, and thus the consumer, by Pacific Cycle in an unassembled state.

7. If a consumer wished to use the bicycle in an ordinary manner, the bicycle would need to be assembled.

8. Toys R Us offered a "Ready to Ride" program wherein it would assemble the bicycles for the consumers for an additional fee.

9. Toys R Us advertises its Ready to Ride service to consumers. Toys R Us states that, through its Ready to Ride program, a consumer's "bike will be ready to ride." The Ready to Ride assembly program is available to all Toys R Us consumers who purchase a bicycle at a Toys R Us retail location.

10. On or about September 24, 2011, Toys R Us sold an unassembled Pacific Cycle bicycle ("the bicycle") to Plaintiffs Callahan and    T.G.

11. The bicycle was designed and manufactured in whole or in part by Pacific Cycle.

12. On the day of purchase, on or about September 24, 2011, Plaintiffs used Toys R Us' Ready to Ride program so that they would not need to assemble the bicycle themselves.

13. Toys R Us delivered the assembled bicycle to Plaintiffs in such a state that made it appear as though the bicycle would operate effectively and provide for reasonably safe use.

2

14. The bicycle was placed into the stream of commerce and sold by Defendants in a defective and unreasonably dangerous condition in that the rear brake contained a manufacturing and/or assembly defect which rendered the rear break nonfunctional. This defect was not reasonably perceivable to an ordinary consumer.

15. Defendants Toys R Us and Pacific Cycle were responsible for testing such product to assure that it was not defective and to assure that it met specifications and the representations made by Defendants.

16. On an unknown date between the date of purchase and August 16, 2012, Plaintiffs used the bicycle around her cul-de-sac. This incident was very brief. During this incident, Plaintiff T.G.   did not ride the bicycle at a speed such that the brakes would have needed to be used.

17. On August 16, 2012, Plaintiff   T.G.   was using the bicycle for the second time in her neighborhood in a foreseeable manner.

18. The bicycle was in a substantially unchanged condition from its original date of purchase because it had been safely stored in Plaintiffs' garage while not in use.

19. While she was riding the bicycle, Plaintiff   T.G.   began to accelerate while she was riding it on a downhill slope. Plaintiff   T.G.   attempted to apply the rear brakes to slow the bicycle. The bicycle continued to accelerate with no sign of slowing.

20. As the bicycle continued to accelerate, Plaintiff   T.G.   applied further pressure on the rear brake, but the braking mechanism continued to fail.

21. The rear braking mechanism malfunctioned as a direct and proximate result of a defect in manufacturing and/or assembly.

22. In an attempt to decelerate, Plaintiff    T.G.    used the bicycle's front brake, which is more powerful than the rear brake. This caused the bicycle to flip forward, traumatically throwing her into the handlebars and the pavement.

23. The trauma to Plaintiff    T.G.    's face knocked out three of her teeth, avulsed her number 6 and 7 teeth, and fractured the crown and the root of tooth number 8.

24. Plaintiff    T.G.    was seen at the University of Maryland's School of Dentistry on August 17, 2012. She was prescribed pain medication and has since undergone extensive dental treatment.

25. Plaintiff    T.G.    's dental bills are in excess of $11,000 for various procedures resulting from the incident ranging from remnant extraction to bone implants.

26. Plaintiff    T.G.    and Callahan have spent many hours taking care of these medical needs and recovering from the treatments.

27. Plaintiffs have been told by their medical care providers that the completed treatments are temporary and will require further treatment because Plaintiff Callahan is of such a young age.

## JURISDICTION AND VENUE

28. This Court has personal jurisdiction over the non-resident Defendants because such Defendants have sufficient contacts with the State of Maryland to satisfy the Maryland long-arm statute, Md. Cts. & Jud. Proc.§ 6-103(b) (1)-(6).

29. Venue in this case is proper in Howard County pursuant to Md. Cts. and Jud. Proc. § 6-201 (a) in that the plaintiffs in this case reside in Howard County and the incident occurred in Howard County.

## COUNT I – STRICT LIABILITY FOR DEFECT IN MANUFACTURE

30. The preceding factual allegations are incorporated herein by reference as if fully stated.

31. The bicycle was placed into the stream of commerce and sold by Toys R Us and Pacific Cycle in a defective condition in that the rear brake was nonfunctional.

32. The product was unreasonably dangerous because the nonfunctional rear brake created a risk of danger to riders.

33. The bicycle was expected to and did reach Plaintiffs without any substantial change in its condition and was in that same condition at the time of the injury alleged.

34. Plaintiff    T.G.    's injuries occurred because of a defect in the manufacturing of the bicycle. If the bicycle had not had the defect in manufacture alleged herein, Plaintiff would not have been injured.

35. As a result of the defect described above, Plaintiff    T.G.    suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and will suffer losses and impairment in the future.

36. The above described injuries occurred without any negligence of the Plaintiff contributing thereto.

WHEREFORE, Plaintiffs Callahan and    T.G.    demand judgment against Defendant Toys R Us and Defendant Pacific Cycle in excess of $75,000.00 and court costs, jointly and severally.

5

## COUNT II – NEGLIGENCE

37. The factual allegations in the preceding counts are incorporated herein by reference as if fully stated.

38. Defendants had a duty to use reasonable care in the design, manufacturing, testing and inspection of the bicycle to see that the product was safe for any reasonably foreseeable use.

39. Defendants breached that duty to Plaintiffs by manufacturing and selling the bicycle in a defective and unreasonably dangerous condition.

40. Toys R Us and Pacific Cycle had actual knowledge of the defects in its Ready to Ride program in that they had knowledge of prior accidents involving defectively assembled bicycles and took no action to remedy the assembly, testing and inspection process. Defendants acted in conscious or deliberate disregard for the foreseeable harm their actions and omissions created.

41. Plaintiffs sustained bodily injury, damages, and losses described above as a proximate result of the Defendants' negligence and breach of duty related to the bicycle's defective condition.

WHEREFORE, Plaintiffs Callahan and    T.G.   demand judgment against Defendant Toys R Us and Defendant Pacific Cycle in excess of $75,000 plus court costs and punitive damages, jointly and severally.

## COUNT III – NEGLIGENT MISREPRESENTATION

42. The factual allegations in the preceding counts are incorporated herein by reference as if fully stated.

43. Through its "Ready to Ride" bicycle assembly program, Toys R Us negligently and falsely asserted to Plaintiffs that it would assemble the bicycle in such a way that it would be ready for safe use.

44. Defendants had a duty of care to Plaintiffs because the bicycle presented a risk of danger and personal injury.

45. Toys R Us had knowledge that Plaintiff   T.G.   would rely upon its negligent assertion which, if erroneous, would cause damage.

46. Plaintiff   T.G.   rode the bicycle based upon a reasonable reliance upon Defendant's assertion that the bicycle was ready to ride in a safe and ordinary manner.

47. Defendants' negligent misrepresentation was the actual and proximate cause of Plaintiffs' damages sustained as described above.

WHEREFORE, Plaintiffs Callahan and   T.G.   demand judgment against Defendant Toys R Us and Defendant Pacific Cycle in excess of $75,000 plus court costs, jointly and severally.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

48. The factual allegations in the preceding counts are incorporated herein by reference as if fully stated.

49. The contract for the sale of the bicycle included an implied warranty that the bicycle would operate effectively and provide for reasonably safe use.

50. The implied warranty was breached by Defendant because the bicycle did not conform to the warranty.

51. The breach of warranty by Defendants was the actual and proximate cause of damages sustained by Plaintiff as described in paragraph 35 hereinabove.

WHEREFORE, Plaintiffs Callahan and   T.G.   demand judgment against Defendant Toys R Us and Defendant Pacific Cycle in excess of $75,000 plus court costs, jointly and severally.

## COUNT V – BREACH OF EXPRESS WARRANTY

52. The factual allegations in the preceding counts are incorporated herein by reference as if fully stated.

53. Toys R Us represented to Plaintiffs that the bicycle would be ready to ride.

54. Plaintiffs reasonably relied upon this false representation.

55. The bicycle was not in fact ready to ride because the rear brake, a critical mechanism necessary to its operation, was nonfunctional, thereby making the bicycle unfit to ride.

56. The breach of warranty by Defendants was the actual and proximate cause of the damages sustained by Plaintiff as described in paragraph 35 hereinabove.

WHEREFORE, Plaintiffs Callahan and    T.G.    demand judgment against Defendant Toys R Us and Defendant Pacific Cycle in excess of $75,000 plus court costs, jointly and severally.

## COUNT VI – NEGLIGENT HIRING, SUPERVISION, AND RETENTION

57. The factual allegations in the preceding counts are incorporated herein by reference as if fully stated.

58. An employment relationship existed between Defendant Toys R Us and the unidentified employee who assembled the bicycle.

59. Defendants had a duty of care to Plaintiffs because the bicycle presented a risk of danger and personal injury.

60. Toys R Us failed to adequately train its employee on how to properly assemble and inspect the bicycle.

61. Toys R Us knew or should have known by the exercise of diligence and reasonable care that the employee was capable of inflicting harm of some type if he or she did not adequately assemble the bicycle.

8

62. Toys R Us failed to use proper care in hiring, supervising, or retaining that employee by failing to provide adequate training and oversight.

63. Had the bicycle been properly assembled and inspected by that employee, Plaintiffs would not have sustained damages.

64. Likewise, Toys R Us' breach of duty proximately caused Plaintiffs' foreseeable injuries as described in paragraph 35 hereinabove.

WHEREFORE, Plaintiffs Callahan and    T.G.    demand judgment against Defendant Toys R Us and Defendant Pacific Cycle in excess of $75,000 plus court costs, jointly and severally.

By: _____

Francis J. Collins
Kahn, Smith & Collins, P.A.
201 N. Charles Street, 10th Floor
Baltimore, MD 21201
(410) 244-1010 (phone)
(410) 244-8001 (fax)
fjcollins@kahnsmith.com
*Attorneys for Plaintiff*

### PRAYER FOR JURY TRIAL

Plaintiffs, by their attorney, Francis J. Collins and Kahn, Smith and Collins, P.A., pray to have this case tried by jury.

_____
Francis J. Collins, Esq.

9