

**KSC** KAHN SMITH & COLLINS, P.A.

Attorneys At Law

201 North Charles Street • 10th Floor
Baltimore, MD 21201

410-244-1010 phone
410-244-8001 fax
877-244-1212 toll free
www.kahnsmith.com

Joel A. Smith
Andrew H. Kahn
Francis J. Collins
David V. Diggs
Keith J. Zimmerman
David Wright
Christopher R. Ryon
Todd L. Schuler
Christopher Greaney
Jacqueline S. Togno

E-Mail: fjcollins@kahnsmith.com

Regular U.S. Mail

April 20, 2016

The Honorable Judge J. Mark Coulson
United States District Judge
United States District Court, District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

   **RE: Virginia Callahan, et al. v. Toys "R" Us – Delaware Inc., et al.**

To The Honorable J. Mark Coulson:

  I am writing to provide the Plaintiffs position on the outstanding issues, discussed during our conference call on April 18, 2016:

1) **30(b)(6) Deposition of Pacific Cycle:** Plaintiffs sought the deposition of the Pacific Cycle 30(b)(6) corporate representative, but have been informed that the representative is not available until May, 2016. The discovery deadline was April 11, 2016. Defendants have offered two dates past the discovery deadline that the agent is available. Plaintiffs are opposed to extending discovery and contend that judgment should be entered against Pacific Cycle for this and other discovery failures. In the alternative, Pacific Cycle should be barred from putting on a defense at trial.

2) **Deposition of Sydney Williamson:** On December 7, 2015, Plaintiffs named Sydney Williamson as a witness to the incident. On April 1, 2016, the week before the discovery deadline, Defendants sent Plaintiffs its Notice of Deposition for Sidney Williamson. Plaintiffs learned from Defendants that Ms. Williamson was out of the country from March 31 to April 7, 2016. In its April 1 Deposition Notice, Defendants stated that Ms. Williamson was "out of the country until April 7, 2016" and that "the deposition will be scheduled for the first mutually-convenient time available when she returns." Defendants did not seek to depose Ms. Williamson prior to April 1, 2016 and did not seek to depose her when she returned within the discovery period. Plaintiffs are opposed to extending discovery.

3) **Signed Authorization for the Release of of T.G.'s Medical Records:** Defendants originally requested all medical records for Plaintiff T. G. Plaintiffs opposed that request as overly broad and provided all records related to the injuries T.G. suffered in this accident (before suit and during the discovery phase). On March 29 – 2 weeks before the discovery deadline – Defendants requested that Plaintiff sign a release of medical records so that they could obtain more medical records. In

April 20, 2016
Page 2

Maryland there is no requirement that Plaintiffs provide Defendants with a medical release. This practice may exist in Defense Counsel's home jurisdiction but it has never been the practice in Maryland and there is no rule or statute that authorizes the Court to order Plaintiff to sign such a release. If records are to be obtained by Defendants, there is a process for utilizing subpoenas. Defendants did not subpoena these medical records within the discovery period. Plaintiffs are opposed to extending discovery.

4) **Records of Similar Cases:** Plaintiffs requested that Defendants produce information about other similar problems with bicycles. Defendants have not agreed to produce any complaints made against Toys "R" Us and Pacific Cycle for defectively assembled bicycles. Plaintiffs conducted their own search and discovered that there are roughly 202 Federal cases that have been filed against Pacific Cycle and an untold number against Toys "R" Us. Many of these cases involve defectively assembled bicycles. Defendants have not provided Plaintiffs with any information regarding these complaints. This issue is relevant to whether Pacific Cycle was on notice of the fact that "Big Box" stores were routinely misassembling bikes. Since Pacific Cycle utilizes unknown and untested employees of Big Box stores as the last step of its manufacturing process, its knowledge of other defectively assembled bikes is relevant to its negligence in this case.

5) **Agreed but yet to be produced:** Plaintiffs requested the following documents from Defendants that Defendants agreed to provide, but have not yet produced:

   a) Defendants agreed to produce photographs of the bike that were taken by Dave Mitchell, the original expert retained by Defendants.
   b) Defendants agreed to produce materials, information, and advertisements as it concerns Toys "R" Us' "Ready to Ride Program".
   c) Defendants agreed to produce a privilege log of all information that Defendants claim under the attorney-client privilege or work product doctrine throughout Defendants' discovery responses.
   d) Defendants agreed to produce the Purchase order, Invoice and Bill of Sale between Toys "R" Us and Pacific Cycle, and "Ming Cycle" and Pacific Cycle/Toys "R" Us.
   e) Defendants agreed to produce the general agreement between Toys "R" Us and Pacific Cycle stating the business arrangement between Pacific Cycle and Toys "R" Us that states that Pacific Cycle would defend Toys "R" Us in the event that claims are brought against Toys "R" Us for bikes manufactured by Pacific Cycle and sold in Toys "R" Us stores.
   f) Defendants agreed to produce information regarding the specifications, tolerances and dimensions of parts related to the bicycle at issue.

6) **Identity of Toys "R" Us employees:** Plaintiffs requested that Defendants provide the address and telephone numbers of the Toys "R" Us employees working at the store where the bike was purchased. Specifically, Plaintiffs seek the names, addresses and phone numbers of former employees who were involved in assembling bikes for Toys "R" Us at around the time that Plaintiffs purchased the subject bike. This is no more than about four individuals. Defendants have provided names but refuse to provide contact information. These are material witnesses that Defendants are withholding from Plaintiffs.

April 20, 2016
Page 3

7) **Motion to Compel:** Plaintiffs served a draft Motion to Compel on Defendants on March 31, 2016. Pursuant to Local Federal Rule 104, Defendants' response was due April 14, 2016. On April 14, Defense counsel sent Plaintiffs a response in the form of a letter. Rule 103(8)(a) states that the opposing party "shall serve a memorandum in opposition to the motion." This was brought to Defense Counsel's attention and Plaintiffs are awaiting Defendants' memorandum. As such, the Motion to Compel is not yet ripe for filing.

8) **Motion to Strike:** On April 8, 2016, Defendants filed a Motion to Strike part of the testimony of Plaintiffs' expert, Dr. Price, a treating/hybrid dentist. Plaintiffs' response is not due until April 22, 2016.

Thank you for your time and attention to this matter.

Very truly yours,
KAHN, SMITH & COLLINS, P.A.

By: Francis J. Collins, Esq.

FJC/mtf
cc:    File