FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

VIRGINIA CALLAHAN, et al.

    Plaintiffs

        v.                                       Civil Action: JKB-15-02815

TOYS "R" US – DELAWARE INC., et al.

    Defendants

**-o0o-**
**MOTION IN LIMINE, OR IN THE ALTERNATIVE, MOTION TO COMPEL RESPONSES TO DEPOSITION QUESTIONS**

The Plaintiffs, Virginia Callahan and T.G., by their attorneys, Francis J. Collins, Jacqueline S. Togno, and Kahn, Smith & Collins, P.A., move for an Order to compel answers to deposition questions from Defendants, Pacific Cycle, Inc. ("Pacific Cycle") and Toys "R" Us – Delaware Inc.'s ("TRU") expert witness, Mr. Patrick Logan to which he was improperly instructed not to answer, and as grounds state as follows:

**INTRODUCTION**

On November 16, 2015 Defense Counsel designated Patrick Logan as an expert in mechanical engineering, product design and development. On March 18, 2016, Mr. Logan was deposed by videoconference. The issue which is now ripe for resolution deals with a series of deposition questions asked by Plaintiffs' Counsel of Defense expert, Mr. Logan, which drew instructions not to answer from Defense Counsel. Plaintiffs' Counsel seeks to exclude Mr. Logan's testimony or, in the alternative discover the content of the

communications between Mr. Logan and Defense Counsel that occurred (1) prior to the deposition and (2) during the deposition break.

## ARGUMENT

I. **THE INSTRUCTIONS TO MR. LOGAN NOT TO ANSWER THE DEPOSITION QUESTIONS WERE IMPROPER.**

    a. **Defense Counsel's Instructions Not To Answer Questions Regarding Discussions Between Defense Counsel And Mr. Logan Prior To The Deposition.**

David Mitchell is an expert witness hired by TRU to inspect the subject bike. That inspection took place on or about April 8, 2015, prior to litigation. When the instant suit was filed, TRU named a new expert witness, Patrick Logan, and had the bike re-inspected. Mr. Logan knows about the first inspection by David Mitchell. Mr. Logan is contending that the bike is properly assembled. It is important to know what information Mr. Logan received from the first inspection of the bike by Mr. Mitchell and to determine if there was any sort of change in the condition of the bike. Very early in the deposition of Patrick Logan Defense Counsel staked out an unreasonable position and instructed Mr. Logan not to answer any questions related to communications he had with Counsel. The following colloquy took place during Mr. Logan's deposition.

    Q: Do you know an individual known by the name of David Mitchell?
    A: Yes, I do.
    Q: Who is that?
    A: David is a participant in the ASTM committee that I am a participant in. He was the chair of the committee, the subcommittee – the bicycle subcommittee before I was the chair in that. I have known David for probably 19 of those 20 years.
    Q: Have you spoken to him about this case?

A: No.
Q: Did you know that he inspected this bike?
A: I believe it was you who mentioned that to me at the inspection.
Rachel Remke: I'm just going to object for the record that you're not asking him about any conversations he and I may have had or anybody – any of the attorneys for Pacific Cycle or Toys "R" Us.
Q: Actually, yeah...
Rachel Remke: Well, that – those conversations are privileged, so I'm going to object to those questions.
Q: Why would you say that they're privileged?
Rachel Remke: Because he's our expert, and expert communications are privileged under the federal rules… **I will not allow – I will object and instruct him not to answer any questions that get into the substance of conversations we had.** Yes.
Q: All right. Well, then I'm going to move to strike his testimony in toto just for the record. Okay? Because I think you're completely wrong about that, and I'm being very clear about that on the record. You're not right about that. So I'm going to ask you to reconsider it, but that's up to you.

Transcript ("Tr.") 88:3-35 – 89: 1-9 – 90: 1-11, attached hereto as Exhibit A (emphasis added). Despite the request for reconsideration and the warning, Defense Counsel stood by her instruction to the witness and prohibited Plaintiffs from inquiring into any communication she had with the expert.

A party or other witness may be questioned about any matter that is relevant to the litigation, which is not privileged, and the fact that the information sought may not ultimately be admissible does not mean that it is not discoverable. Fed. R. Civ. P. 26(b)(1). "The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case." *E.E.O.C. v. Freeman*, 288 F.R.D. 92, 100 (D. Md. 2012) (citing *Carr v. Double T Diner*, 272 F.R.D. 431, 433 (D.Md.2010) (internal citations omitted)). Federal Rule of Civil Procedure 26(c)

states that communications between a party's attorney and an expert are protected unless the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed. Federal Rule of Civil Procedure 30(c)(1) states "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rule of Evidence." In the absence of a showing of some serious harm likely to result from responding to any given question, the policies behind Rule 30(c) require the answer to be given. *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO v. Westinghouse Elec. Corp.*, 91 F.R.D. 277, 279-80 (D.D.C. 1981). Counsel should not instruct a deponent to not answer except in very limited circumstances because of the disruption it causes. Fed. R. Civ. P. 30 advisory committee note, "Directions to a deponent not to answer a question can be even more disruptive than objections."

District courts enjoy substantial discretion in the management of discovery and whether to grant motions to compel. *Freeman*, 288 F.R.D. at 98; *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir.1995); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir.1986); *Clark v. Unum Life Ins. Co. of Am.*, 799 F.Supp.2d 527, 531 (D.Md.2011). The Fourth Circuit has recognized for over twenty-five years that lawyers may not instruct witnesses not to answer questions during a deposition unless to assert a privilege. *Ralston Purina Co. v. McFarland*, 550 F.2d 967 (4th Cir. 1977). The Court has adopted Discovery Guidelines, appended to the Local Rules,

elaborating on the propriety of instructing a witness to not answer a deposition question. Guideline 5(d) provides that "[i]t is presumptively improper to instruct a witness not to answer a question during the taking of a deposition unless under the circumstances permitted by Fed. R. Civ. P. 30(d)(1)." Guideline 6 indicates that "the person asserting the privilege shall identify during the deposition the nature of the privilege (including work product) that is being claimed" as required by Fed. R. Civ. P. 26(b)(5). The party resisting discovery has the burden of supporting its position. *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 422 (D. Md. 2005). Next, "the person seeking disclosure shall have reasonable latitude during the deposition to question the witness to establish other relevant information concerning the assertion of privilege." *See* Guideline 6(a)(ii). If the reason put forward is improper, the court may order that the witness be re-deposed. *Id*. (citing *Pilates, Inc. v. Georgetown Bodyworks Deep Muscle Massage Ctrs., Inc*., 201 F.R.D. 261, 262 (D.D.C. 2000)).

Communications between an expert and an attorney are not privileged "merely because one of the parties is an attorney or because an attorney was present when the communications were made." *U.S. v. Cohn*, 303 F.Supp.2d 672, 683 (D. Md. 2003) (citing *Neuder v. Battelle Pacific Northwest National Laboratory*, 194 F.R.D. 289, 293 (D.D.C. 2000)). An expert "must disclose the content of all oral communications that [the] expert considered in formulating his opinions as a testifying expert" in the case, "regardless of whether these oral communications come from [Defense] Counsel." *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 465 (E.D. Pa. 2005). In fact, some federal courts see no principled distinction between the discoverability of oral and written communications that

5

a testifying expert considers in fashioning her opinions. *See, e.g.*, Fed.R.Civ.P. 26(a)(2)(B) (requiring disclosure of "data or other information" considered by testifying expert); T*V–3, Inc. v. Royal Ins. Co. Of Am.*, 193 F.R.D. 490, 492 (S.D.Miss.2000) (requiring disclosure of all documents and oral communications reviewed by experts in connection with formulating opinions, even those ultimately rejected or not relied upon). Case-law does not expressly make such a distinction. *See, e.g., B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of New York*, 171 F.R.D. 57, 67 (S.D.N.Y. 1997) ("there does not seem to be a principled difference between oral and written communications between an expert and an attorney insofar as discoverability is concerned"); *Karn v. Ingersoll–Rand Co.*, 168 F.R.D. 633, 640 (N.D.Ind.1996) (suggesting that oral communications may be discoverable); Theodore Banks, 2 Successful Partnering Between Inside and Outside Counsel § 33.34 (noting that "many courts permit discovery of oral communications between a corporation's Counsel and their testifying expert").

Consequently, Mr. Logan must disclose the content of all oral communications between him and Defendants and/or Defendants' attorney that he considered in fashioning his opinions as a testifying expert. Counsel's instruction not to answer questions tainted the entire deposition. The witness should be excluded at trial or, in the alternative, his testimony should be compelled in a second deposition and Defendant should be made to pay the costs thereof.

> **b. Defense Counsel's Instructions Not To Answer Questions Regarding Discussions Between Defense Counsel And Mr. Logan During The Deposition.**

At one point during the deposition, the parties took a break. When the attorney and the witness came back into the room, it appeared that they had been discussing the substance of the case and the witness' testimony. Plaintiffs' Counsel asked Mr. Logan about his discussions with Counsel during the break:

> Q: Did you talk to Rachel Remke during the breaks in any way?
> A: Yes, I did.
> Q: What did you talk about?
> Ms. REMKE: I'm going to object. Our conversations are privileged under the Feral Rules of Civil Procedure, Rule 26, and I'm going to instruct him not to answer that question.
> MR. COLLINS: You're wrong about that. I'm supposed to be able to know what you talked about during the -- during the break.
> MS. REMKE: Our communications are privileged under Federal Rule of Evidence -- or of Civil Procedure 26 unless it is something that I have -- I have told him he can assume or information he has relied upon. We did not have any of those conversations. And so you are not entitled to know about what we talked about. I'm going to instruct him not to answer that question.
> MR. COLLINS: Under the federal rules, while a witness is on the stand, you're not supposed to be talking to them, and you did. I want to know what you talked about.
> MS. REMKE: Our communications, because he is an expert witness, are privileged under Rule 26. So I'm going to instruct him not to answer those questions.
> MR. COLLINS: All right. Well, I'm going to use this as a basis for moving to exclude him unless you allow him to testify about that.
> MS. REMKE: All right. I stand behind my objection that his -- our conversations are privileged and, you know, you're welcome to call the judge if you want, but I'm going to instruct him not to answer.

Transcript Tr. 131: 4-23. There was no basis for this instruction and it, like the earlier instruction, tainted the deposition and called into question all of the witness' testimony.

7

Defense counsel was explicitly placed on notice that her refusal to let the witness testify about their conversation during the break would be considered a basis for excluding the witness' testimony.

Instructions not to answer questions during depositions are generally improper. *Nutramax Labs., Inc. v. Twin Labs. Inc*., 183 F.R.D. 458 (D. Md. 1998). There is no presumption that all communications between a witness under oath and Counsel while on break during a deposition are privileged. Conferences between a witness and lawyer are prohibited both during the deposition and during recesses. *Hall v. Clifton Precision, a Div. of Litton Sys., Inc*., 150 F.R.D. 525, 529 (E.D. Pa. 1993). Moreover, "[t]he examination and cross-examination of a deponent proceed as they would at trial." Federal Rule of Civil Procedure 30(c)(1). Once the deposition has begun, private conferences are barred, and the "fortuitous occurrence of a coffee break, lunch break, or evening recess is no reason to change the rules." *Id*. *See also Chassen v. Fidelity Nat. Title Ins. Co.*, No. 09-291 (ES), 2010 WL 5865977, at *1 (D.N.J. July 21, 2010) (court has adopted *Hall* ruling to restrict witness conferences once a deposition has begun and to permit the deposing attorney to question the witness about conversations with Counsel during deposition breaks, where no evidence is presented that discussions concerned privilege, and where attorney had "right to explore whether the discussions Counsel had with the [witness] during the recess may have influenced her testimony, thus interfering with the fact-finding goal of the deposition process) (citing *Hall*, 150 F.R.D. at 528).

A private conference between the attorney and the witness is permissible during deposition only if the purpose of the conference is to decide whether to assert privilege

and, when such conference occurs, the conferring attorney places on record the fact that conference occurred, the subject of conference, and the decision reached as to whether to assert privilege. 150 F.R.D. at 529.  Here, Defense Counsel did not maintain that the purpose of the communications was to decide whether to assert privilege and did not permit Plaintiffs' Counsel reasonable latitude to question the witness to establish other relevant information concerning the assertion of privilege.

## CONCLUSION

For all the foregoing reasons, Defendants should be prohibited from calling Mr. Logan to the stand to testify as an expert witness.  Counsel improperly interfered with his deposition and it would be impossible to rectify that interference after the fact.  In the alternative, if the court is not willing to exclude the testimony of Mr. Logan, Plaintiffs request an order that the witness be re-deposed and be ordered to answer the subject questions.  Plaintiffs should be given reasonable latitude to ask follow up questions of Mr. Logan regarding his answers to the questions.  Plaintiffs also request an order that Defendants be required to pay the costs of this motion and the second deposition.

**KAHN, SMITH & COLLINS, P.A.**

  /S/
Francis J. Collins, Esquire (Bar No. 04272)
Jacqueline S. Togno, Esquire (Bar No. 19510)
201 N. Charles Street, 10th Floor
Baltimore, Maryland 21202
(410) 244-1010
Attorney for Plaintiff
fjcollins@kahnsmith.com