IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VIRGINIA CALLAHAN, et al,                    *

    Plaintiffs,                                        *

v.                                                                   *                    Civil Case No. 15-2815-JKB

TOYS "R" US-DELAWARE, INC., et al,    *

    Defendants.                                      *

\* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

This case has been referred to me for all discovery and related scheduling matters

pursuant to 28 U.S.C. § 636 and Local Rule 301.  (ECF No. 31.)   Presently pending is

Defendants' Motion Strike Dr. Price's Untimely New Expert Opinions (ECF No. 28).   The

Motion has been fully briefed (ECF Nos. 37, 41), and no hearing is necessary, Loc. R. 105.6 (D.

Md. 2014).  Defendant's Motion is GRANTED IN PART and DENIED IN PART.

I.        **Background**

This case involves allegations of (1) strict liability for a defect in manufacturing, (2)

negligence, (3) negligent misrepresentation, (4) breach of implied warranty of merchantability,

(5) breach of express warranty, and (6) negligent hiring, supervision, and retention brought by

Plaintiffs, T.G., a minor, and her grandmother Virginia Callahan, against Toys "R" Us-Delaware,

Inc. ("Toys R Us"), and Pacific Cycle, Inc. ("Pacific Cycle").  (Am. Compl., ECF No. 24.)

Plaintiffs' allegations stem from a bicycle accident during which T.G. was riding a bicycle

designed and manufactured by Pacific Cycle and sold and assembled by Toys R Us through its

"Ready to Ride" program.  (Am. Compl. ¶¶ 10-13.)  As a result of the accident, Plaintiffs claim

that T.G suffered dental injuries which required her to undergo various procedures costing in

excess of $9,500.00.  (Am. Compl. ¶¶ 23-25.)   Plaintiffs also contend that T.G. will require

future dental care, but the cost of that future care was not asserted in either the original or the

amended complaint.  (Compl. ¶¶ 25, 27, ECF No. 2; Am. Compl. ¶¶ 25, 27.)   In Plaintiffs'

Answers to Defendant Pacific Cycle, Inc.'s First Set of Interrogatories, which were served on

December 7, 2015, Plaintiffs estimated that the cost of T.G.'s future dental care would "at least

equal[]" that of the treatment she had already received—approximately $11,000.00.

On October 13, 2015 the Court entered a Scheduling Order, which provided the

following discovery-related deadlines:

> Plaintiffs' Rule 26(a)(2) disclosures:  November 27, 2015
> Defendants' Rule 26 (a)(2) disclosures:  December 28, 2015
> Plaintiffs' rebuttal Rule 26(a)(2) disclosures:  January 11, 2016
> Rule 26(e)(2) supplementation of disclosures and responses:  January 19, 2016
> Discovery deadline:  April 11, 2016

(ECF No. 16.)  The Scheduling Order provided that the deadlines set forth therein would "not be

changed except for good cause."  (*Id.*)   Plaintiffs served their Rule 26(a)(2) Expert Witness

Disclosures on Defendants on December 9, 2016.  (Pls.' Disclosures, ECF No. 28-1.)  Plaintiffs

disclosed their intent to call several dental experts, including an expert in oral and maxillofacial

radiology, Dr. Price.  (Id. at 2-4.)  Plaintiffs summarized the facts and opinions that Dr. Price

would testify to as follows:

> It is expected that Dr. Price will testify that the Plaintiff's Radiology Report
> Clearly Showed that the Plaintiff's number 6 and number 8 implants were noted
> with bone overlying tooth number 6's platform, that the spheno-occipital
> synchondrosis was open, indicating that the Plaintiff appeared to be skeletally
> immature, the number 1 tooth and number 16 tooth were developing and that the
> mildly enlarged adenoids appeared to be normal for a patient of her age.

(Id. at 3-4.)   Several months later, on March 7, 2016, Plaintiffs sent Defendants an email exchange between Plaintiffs' Counsel and Dr. Price, outlining Dr. Price's additional opinion that T.G. will need future dental care at a cost of approximately $88,000.00.[1]   (ECF No. 28-2.)

On April 8, 2016, Defendants filed the pending Motion to Strike, seeking to exclude Dr. Price's opinion that T.G. will need future dental care at a cost of approximately $88,000.00. Defendants claim that Dr. Price's opinion on the cost of future care was untimely disclosed under Federal Rule of Civil Procedure 26 and that the untimeliness was neither substantially justified nor harmless such that it should be excluded under Rule 37.   In response, Plaintiffs argue that their March 7, 2016 disclosure of Dr. Price's opinion on the cost of future care was not untimely, but that even if it was, Dr. Price's opinion should nevertheless be admitted because Defendants cannot establish that they were prejudiced by the untimely disclosure.   If the Court declines to strike Dr. Price's opinion on the cost of future care, Defendants instead seek leave to depose Dr. Price on his opinions and to designate an additional dental expert, as well as an order directing Plaintiffs to bear the cost of this additional discovery.

## II.     Standard of Review

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."   Fed. R. Civ. P. 26(a)(2)(A).   For certain types of expert witnesses,[2] Rule 26(a)(2)(B) further requires parties to produce detailed written reports regarding the opinions that an expert witness will express, along with other information concerning the expert's qualifications and the basis of his or her testimony.   Fed. R. Civ. P. 26(a)(2)(B).   For expert

---

[1] That exchange is attached as Exhibit B to Defendants' Motion to Strike. It is unclear how Defendants received this exchange or what prompted the portion of the exchange that was submitted to the Court.

[2] The parties do not dispute that, as a treating physician, Dr. Price was not among the types of witnesses required to submit such a report under Rule 26(a)(2)(B).

witnesses such as Dr. Price who are not required to produce a written report under Rule 26(a)(2)(B), parties are instead required under Rule 26(a)(2)(C) to disclose the subject matter on which the witness is expected to present evidence, and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). As for timing, these disclosures must be made "at the times and in the sequence that the court orders," and they must be supplemented in accordance with Rule 26(e). Fed. R. Civ. P. 26(a)(2)(D), (a)(2)(E).

Federal Rule of Civil Procedure 37(c)(1) "gives teeth" to the Rule 26(a)(2) disclosure requirements by "forbidding a party's use of improperly disclosed information at a trial, at a hearing, or on a motion, unless the party's failure to disclose is substantially justified or harmless."[3] *Ace Am. Ins. Co. v. McDonald's Corp.*, No. 11-cv-3150-GLR, 2012 WL 2523883, at *2 (D. Md. June 28, 2012) (quoting *Tokai Corp. v. Easton Enters.*, 632 F.3d 1358, 1365 (Fed. Cir. 2011)). To determine whether a party's failure to disclose is "substantially justified or harmless," courts consider five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Southern States Rack & Fixture Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597-98 (4th Cir. 2003).

## III.   Analysis

Before considering the propriety of any sanctions here, I must first determine whether Plaintiffs' March 7, 2016 disclosure of the email exchange between Plaintiffs' Counsel and Dr. Price wherein his future cost opinion was disclosed was untimely. Plaintiffs argue that the email

---

[3] In their opposition, Plaintiffs cite the four factor test set forth in *Anderson v. Foundation. for Advancement, Education & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998), for determining whether sanctions are appropriate under Rule 37(b), which considers whether the party against whom sanctions are sought acted in bad faith. However, it is clear that Defendants here seek sanctions under Rule 37(c)(1), rather than Rule 37(b), and pursuant to the Fourth Circuit's decision in *Southern States Rack and Fixture Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597-98 (4th Cir. 2003), the *Anderson* factors do not control.

exchange was a "supplemental report," which they provided to Defendants "immediately upon receipt," in compliance with Rule 26(e), and that the opinions therein were thus timely disclosed. (Pls.' Opp. at 3.)  Defendants counter that Dr. Price's opinion regarding the cost of future care cannot be viewed as "supplemental," because the initial disclosure summarizing his opinions did not put Plaintiffs on notice that Dr. Price would offer any opinion on the cost of future care, let alone what that cost would be.  (Defs.' Reply at 1-3.)

I agree that the disclosure of Dr. Price's opinion on the cost of future care was neither timely nor entirely harmless.  Plaintiffs' initial disclosure in December of 2015 did not give any indication that Dr. Price would testify about the need for or the cost of future care.  The Court's scheduling order set a deadline for supplementing this disclosure of January 19, 2016, and that deadline that came and went without any supplement.  Plaintiffs assert—and the Court has no reason to question—that they forwarded Dr. Price's supplemental opinion as soon as it was received in March, and that the supplemental was therefore "timely."  But Plaintiffs give no reason why they did not seek that opinion from Dr. Price at an earlier date despite being in dialogue with him at least as far back as the time of their initial disclosures in December, 2015. It is counsel's responsibility to explore the scope of an expert's opinion prior to designation. Although Rule 26(e)(2) provides a safety net to the extent additional opinions emerge after the original designation, that safety net is not unlimited and, in this case, had a deadline of January 19, 2016.   There certainly are circumstances where new information emerges after such a deadline in discovery about which an expert would be expected to have an opinion and where otherwise untimely supplementation would be "substantially justified," however Plaintiffs have not pointed to any new data that emerged after January 19, 2016 that would serve as such a justification.

As for prejudice to Defendants, although Plaintiffs' pleadings and interrogatory answer were clear that damages for future care were being sought, Plaintiffs' estimate of those damages to the point of their March 2016 supplementation of Dr. Price's opinion was $11,000.00, nowhere near the $88,000.00 to which Dr. Price ultimately opined.   Given that Dr. Price's supplementation occurred well after Defendants' expert designation deadline and approximately a month before the discovery deadline, Defendants were clearly prejudiced given that they had no practical ability to rebut Dr. Price's opinion by retaining their own expert to address future care cost.

Turning to the *Southern States* factors, I agree that Plaintiffs' delay in disclosing Dr. Price's opinion on the cost of future care was a surprise to Defendants.   The disclosure considerably increased the amount of damages stemming from future care.   The purpose of Rule 26(a)(2) disclosures is to allow parties to properly prepare for trial.   From the inception of this case until Plaintiffs' March 2016 disclosure, the magnitude of the cost of future care was apparently not an issue for which Defendants planned to mount a vigorous defense.   In light of the high cost of retaining medical experts and Defendants' belief, based on Plaintiffs' representations, that the cost of future medical care in this case was around $11,000.00, Defendants' decision not to retain an expert on the issue of future medical care was understandable.   Plaintiffs' Rule 26(a)(2) disclosures gave Defendants no reason to believe Plaintiffs would offer expert testimony inconsistent with their earlier allegations on the issue. This factor weighs in favor of finding that Plaintiffs' untimely disclosure was not harmless.

As to Defendants' ability to cure the surprise caused by Plaintiffs' untimely disclosure, I cannot conclude that this factor weighs either in favor of, or against, finding the untimely disclosure harmless.   Although the disclosure was made well after the January 19 deadline, it

was also made just over a month in advance of the discovery deadline.  In that time between the

supplementation and the filing of the instant motion three days before the discovery deadline,

Defendants might have taken several steps to cure, or at least mitigate, the surprise of the

disclosure.  Moreover, the discovery deadline has now been extended through May 31, 2016 at

Defendants' request (albeit for other purposes), and had Defendants quickly taken action with

respect to Plaintiffs' untimely disclosure, they might well have had time to cure the surprise by

the current deadline.   At this juncture, however, it is unlikely that Defendants could take

meaningful steps before May 31, 2016 to cure the surprise.

Regarding the third factor, allowing Dr. Price's testimony on the cost of future care

would not impact the trial date in this case to the extent that no trial date has yet been set.  It

would however, disrupt several other of the current deadlines in the case, including the discovery

and dispositive motions deadlines, which might well have the practical effect of delaying the trial

date.  This factor thus weighs in favor of finding that the untimely disclosure was not harmless.

Fourth, Plaintiffs' untimely disclosure concerning the cost of future care is essential to its

case.  A large portion of Plaintiffs' damages now stems from the cost of future care.  Although

this factor weighs against excluding Dr. Price's testimony on the subject, it also weighs in favor

of finding that the delay in disclosing Dr. Price's opinions on the cost of future care was not

harmless.

Finally, as noted above, Plaintiffs have offered no explanation for their failure to timely

disclose Dr. Price's opinion on the cost of future care, beyond alleging that they disclosed the

opinion immediately upon receiving it from Dr. Price.  Plaintiffs cannot, and do not, claim they

were unaware that T.G. would require future dental care.  As both parties admit, the cost of

future care has been an issue in this case from its inception.  If Plaintiffs expected to offer expert

testimony on the subject, however, they had a duty to disclose that fact by the Rule 26(a)(2) disclosure deadline or the January 19 supplementation deadline, and they did not do so. Accordingly, they have not offered a sufficient explanation for their delay to allow me to conclude that it was substantially justified

Because the disclosure was untimely and Plaintiffs have not established that the delay was either substantially justified or harmless, sanctions are appropriate.  District courts are given "particularly wide latitude" when exercising their discretion to issue sanctions under Rule 37(c)(1).  *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005).  Although Rule 37(c)(1) explicitly states that untimely disclosed information may not be used in support of a motion, at a hearing, or at trial, it also provides that "[i]n addition to *or instead of* this sanction," the court "may order payment of the reasonable expenses . . . caused by the failure," and "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Fed. R. Civ. P. 37(c)(1) (emphasis added).  The purpose of Rule 37(c)(1) is to prevent a party form surprising and, thus, prejudicing the opposing party.  The prejudice resulting from the tardy disclosure here can be relieved by sanctions less severe than striking Dr. Price's opinion, and in light of the importance of Dr. Price's opinion to Plaintiffs' case, I will exercise my discretion to impose less severe sanctions here.  *See e.g., Saudi*, 427 F.3d at 279 (affirming the district court's imposition of more lenient sanctions where the court could have stricken a party's expert witnesses for its failure to timely file its Rule 26 disclosures).  Allowing Defendants to take Dr. Price's deposition on this issue and allowing Defendants the opportunity to designate their own expert on this issue cures this prejudice.

1.      Defendants may depose Dr. Price. If Defendants wish to do so, Plaintiffs will bear the

   court reporting and transcript costs for the deposition and will be responsible for paying

   Dr. Price's fee for time spent in the deposition.

2.      Defendants may retain an expert to rebut Dr. Price's opinions.  Defendants will shoulder

   the cost of retaining such an expert and a disclosure compliant with Rule 26(a)(2)(B) will

   be required.  However, if Plaintiffs wish to depose Defendants' expert, they will pay the

   expert's deposition fee.

If the parties are unable to complete this additional expert discovery by June 30, 2016, the Court

will entertain a motion to further extend the discovery deadline.  However, the parties are

directed to conduct this additional discovery as expeditiously as possible in an effort to avoid

further delay.  The dispositive motions deadline will likewise be extended to July 28, 2016.

## IV.      Conclusion

For the reasons stated herein, Defendants' Motion Strike Dr. Price's Untimely New

Expert Opinions (ECF No. 28) is GRANTED IN PART and DENIED IN PART.  The discovery

deadline in this case is extended to June 30, 2016 for the limited purpose of conducting the

expert discovery outlined above.  The dispositive motions deadline is extended to July 28, 2016.


Dated May 17, 2016                                      /s/
                                        J. Mark Coulson
                                        United States Magistrate Judge