IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VIRGINIA CALLAHAN, et al, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 15-2815-JKB |
| TOYS "R" US-DELAWARE, INC., et al, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

Following a four-day jury trial that resulted in a verdict in favor of Defendants, Plaintiffs filed a "motion for entry of judgment pursuant to FRCP 68 offer of judgment," (ECF No. 119), seeking, for the first time, to enforce a settlement offer that Plaintiffs contend was accepted prior to the start of trial. Defendants have opposed that motion, and in turn request sanctions for what they believe is a frivolous attempt by Plaintiffs to enforce a settlement offer that was previously rejected. The motion has been fully briefed, (ECF Nos. 119, 121, 122, 124), and I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, both Plaintiffs' motion to enforce the settlement offer (ECF No. 119) and Defendants' request for sanctions (ECF No. 121) are DENIED.

On December 2, 2016, Defendants served an offer of judgment on Plaintiffs. (ECF No. 119-1). That offer read, in relevant part:

> Defendants…hereby offer to allow judgment to be taken against them and in favor of Virginia Callahan and T.G. ("Plaintiffs") in the amount of $50,000.00, inclusive of all costs, expenses, attorneys' fees, and any other fees accrued through the date of service hereof. This offer of judgment is offered in full and complete satisfaction of all claims that Plaintiffs have asserted or could have asserted against Defendants in the above-captioned lawsuit…this offer will remain open for fourteen (14) days after the service of this offer upon Plaintiffs.

(ECF No. 119-1).

Following that offer of judgment, on December 13, 2016, Plaintiffs wrote to Defendants. In that correspondence, Plaintiffs stated: "[t]he offer you provided was not explicitly contingent on both Plaintiffs accepting the offer," and, as a result, Plaintiffs stated that "Virginia Callahan hereby accepts the offer of judgment on her own behalf. She does not accept on behalf of T.G. who will continue to pursue her claim for personal injuries." (ECF No. 119-2). Ten days later, on December 23, 2016, Defendants wrote back to Plaintiffs informing them that their original offer was for all claims that *both* Plaintiffs had asserted or could have asserted against Defendants. (ECF No. 119-3). Defendants concluded that Plaintiffs' December 13th response was a rejection of Defendants' offer of judgment.[1] (ECF No. 119-3).

Despite their current contention that they had properly accepted an offer of judgment on behalf of Virginia Callahan, Plaintiffs nonetheless proceeded to trial on all claims, including those purportedly settled on behalf of Ms. Callahan. The four-day trial concluded in a jury verdict in favor of Defendants. Plaintiffs are now seeking to enforce that original offer of judgment as to Ms. Callahan's claims.

It is clear that Plaintiffs rejected Defendants' December 2nd offer as to all claims and parties, and instead proposed a counter offer, which was never accepted. Specifically, Defendants' December 2nd offer of judgment was for "full and complete satisfaction of all claims that Plaintiffs have asserted or could assert against Defendants." (ECF No. 119-1). This term was unambiguous; it clearly stated that full and complete satisfaction of *all claims* by *both* Plaintiffs was required. Thus, by responding that only Virginia Callahan accepts the offer of judgment,

---

[1] It appears from the correspondence that Defendants may have made a second offer of judgment to Plaintiffs, though the details of that second offer are not before the Court. Nonetheless, the focus of the present motion is on the first offer of judgment, and the purported acceptance of that offer, from December 2, 2016.

2

Plaintiffs modified or altered the terms of the original offer, and as a result, made a counter offer to Defendants.

Plaintiffs cite Mould v. NJG Food Serv. Inc., No. CIV. JKB-13-1305, 2013 WL 6331286 (D. Md. Dec. 4, 2013), a case from this Court, as well as case law from the Ninth Circuit, Northern District of Illinois, and North Carolina Court of Appeals, arguing that these cases support the notion that cherry-picking certain aspects of an offer of judgment constitutes a binding settlement. These cases do not stand for that proposition, nor do any of these cases refute the well-established principle that an offeree may not "accept" an offer of judgment while materially altering the terms of that offer.

As it relates to Defendants' request for sanctions, the Court is not convinced that the filing of this motion rises the level of warranting sanctions. This Court "has the inherent authority in appropriate cases to impose sanctions against a litigant or a member of the bar who has acted in bad faith, vexatiously, wantonly, and for oppressive reasons." Glynn v. EDO Corp., No. JFM-07-01660, 2010 WL 3294347, at *2 (D. Md. Aug. 20, 2010). The Court is mindful that this authority "ought to be exercised with great caution, in circumstances such as those involving the very temple of justice being defiled," and as a result, this Court has "considerable discretion" in deciding whether sanctions apply and in choosing the appropriate type of sanction. Id. It chooses not to sanction here. Plaintiffs' motion, while not robustly supported by precedent, does not appear to have been filed in bad faith, vexatiously, wantonly or for oppressive reasons. Accordingly, Defendants' request is denied.

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion to enforce the offer of judgment (ECF No. 119) is DENIED, and Defendants' request for sanctions (ECF No. 121) is DENIED.

Dated February 22, 2017                              /s/
                                           J. Mark Coulson
                                           United States Magistrate Judge